NOT DESIGNATED FOR PUBLICATION

Nos. 118,201
118,202

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY L. BROOKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno County District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed May 4, 2018. Affirmed.

Submitted for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Terry Brooks appeals his consecutive sentences for two counts of driving under the influence following a plea agreement. He argues that the district court abused its discretion by making the sentences consecutive, which meant that Brooks would have to serve 24 months (on two consecutive 12-month sentences).

Brooks had pleaded guilty to two counts of driving under the influence as a fourth or later conviction under K.S.A. 2016 Supp. 8-1567(b)(1)(E). The first count came from a 2015 arrest, the second count from a 2016 arrest.

In exchange for Brooks' pleas, the State agreed to recommend that the court sentence Brooks to 12 months in prison—two 12-month prison sentences to be served concurrently. Despite the State's recommendation under the plea agreement, the district court ordered Brooks to serve two 12-month sentences consecutively—altogether 24 months in prison. Brooks does not argue that the district court lacks authority to make these sentences consecutive to one another. See *State v. Carpentier*, No. 116,313, 2017 WL 2713212, at *2 (Kan. App. 2017) (unpublished opinion) (noting the sentencing court's authority to make two DUI sentences consecutive to one another).

Brooks' sole argument on appeal is that the district court erred when it didn't order Brooks' sentences to run concurrently. But decisions like this are within the sound discretion of sentencing courts, so we review them only for an abuse of discretion. *State v. Beck*, 307 Kan. 108, 109-10, 406 P.3d 377 (2017). Unless the court has made a legal or factual error, we will find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

There was no abuse of discretion here. The district court decided to deviate from the State's recommendation because of Brooks' extensive criminal history. The court referred to Brooks' extensive criminal history, including 2 convictions for fleeing and eluding; 7 convictions for driving with a suspended license; 4 convictions for driving as a habitual violator; 14 convictions for driving without insurance; 3 convictions for illegally transporting liquor; and 11 prior convictions for driving under the influence. The court concluded Brooks' sentencing hearing by telling Brooks that he deserved his sentence because "[he hadn't] learned over the last . . . 20 years that you don't drive under the influence."

We find nothing unreasonable about the district court's decision here. Brooks has an extensive history of driving under the influence, and a reasonable person would agree

2

with the district court's decision to order Brooks' sentences to run consecutively instead of concurrently. Brooks cannot commit more offenses while serving a jail sentence. In the past, no other sanction has prevented him from driving under the influence again.

On Brooks' motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h), and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to impose consecutive sentences.

The district court's judgment is affirmed.